ROBERTS, J.,
concurring in part and dissenting in part:
¶ 21. This case was decided by the circuit judge on cross-motions for summary judgment by Carolyn Epperson and SOUTHBank. The subject matter of the motions dealt exclusively with SOUTH-Bank’s potential underlying liability to Ep-person for failing to allow her to withdraw the funds from the three CDs. If liability existed, the specific issue of the amount of contractual damages and interest thereon was neither submitted to nor decided by the circuit court.
¶ 22. The majority finds that this case should be reversed and rendered and awards Epperson $233,183.45 plus interest of eight percent per annum beginning from October 21, 2005. While I agree with the majority’s finding that Epperson is entitled to the value of the three CDs she attempted to withdraw on October 21, 2005, I must disagree with the majority’s computation of the amount she is to receive and the interest rate applied. Therefore, I dissent in part and would reverse and remand this case to the circuit court for the computation of the proper amount, including interest and subtracting any penalty for early withdrawal, that Ep-person is entitled to receive.
¶ 23. In her complaint dated October 16, 2008, Epperson requested damages in the amount of “$234,164.05 with interest from October 21, 2005[,] together with punitive damages and attorney’s fees along with any other damages to which [she] may be entitled.” Because Epperson properly demanded pre-judgment interest as required by Mississippi Rule of Civil Procedure 8 and was successful in her breach-of-contract claim, she is entitled to *32 the pre-judgment interest demanded. In a breach-of-contract case, “the prevailing party ... is entitled to have added legal interest on the sum recovered computed from the date of the breach of the contract to the date of the decree.” Sentinel Indus. Contracting Corp. v. Kimmins Indus. Serv. Corp., 743 So.2d 954, 971 (¶ 53) (Miss.1999) (quoting Stockett v. Exxon Corp., 312 So.2d 709, 712 (Miss.1975)) (emphasis added). Epperson is entitled to pre-judgment interest beginning on October 21, 2005, the day SOUTHBank breached the contract by refusing to allow Ep-person to withdraw the funds. Although she properly demanded pre-judgment interest, Epperson did not specify the interest rate, nor was the interest rate ever determined by the circuit court. Further, the parties never stipulated to a specific interest rate that would be charged.
¶ 24. The majority follows Mississippi Code Annotated section 75-17-1(1) (Rev. 2009) when determining the interest rate at eight percent. The statute reads in pertinent part:
The legal rate of interest on all notes, accounts and contracts shall be eight percent (8%) per annum, calculated according to the actuarial method, but contracts may be made, in writing, for payment of a finance charge as otherwise provided by this section or as otherwise authorized by law.
Id. (emphasis added). However, I submit that Mississippi Code Annotated section 75-17-7 (Rev.2009) rather than section 75-17-1 is the controlling statute in this case. The statute reads:
All judgments or decrees founded on any sale or contract shall bear interest at the same rate as the contract evidencing the debt on which the judgment or decree was rendered. All other judgments or decrees shall bear interest at a per annum rate set by the judge hearing the complaint from a date determined by such judge to be fair but in no event prior to the filing of the complaint.
Miss.Code. Ann. § 75-17-7.
¶ 25. In DeJean v. DeJean, 982 So.2d 443, 447 n. 1 (Miss.Ct.App.2007), this Court found that the redemption of a CD is not governed by Uniform Commercial Code Article 3 and is, instead, governed by contract law. Applying contract law, it is well settled that “parties are bound by the language of the contract where a contract is unambiguous.” Union Planters Nat’l Bank, N.A. v. Jetton, 856 So.2d 674, 678 (¶ 15) (Miss.Ct.App.2003) (citing Delta Pride Catfish, Inc. v. Home Ins. Co., 697 So.2d 400, 404 (Miss.1997)). The appropriate annual interest rate should be found in the language of each CD since CDs may have varying interest rates. I submit that since contract law governs, the circuit judge should look to the language of each CD as it was on October 21, 2005, to determine the appropriate amount of prejudgment and post-judgment interest to award. Pursuant to the statute, the circuit judge should hold a hearing to determine the appropriate amount due Epperson as of October 21, 2005, on the three CDs and the appropriate contractual interest rate per each CD. Miss.Code Ann. § 75-17-7.
¶ 26. Epperson should receive a sum of money equal to the amount she would have received had she been allowed to withdraw the money on October 21, 2005, plus any contractual interest that has accrued. However, the circuit judge should also subtract any early-withdrawal penalties that Epperson would have suffered had she been able to withdraw the money at the time she requested.
¶ 27. Therefore, I find that Epperson is entitled to the sum of money contained in each of the three CDs less any penalty suffered for early withdrawal. The interest at a rate to be determined by the *33 language in each CD should be added to that sum. I would remand this case to the circuit judge for a proper determination as to these damages that Epperson should be awarded.
GRIFFIS, P.J., AND CARLTON, J., JOIN THIS OPINION.